70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carol J. LACK, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 95-3666.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1995.
 
 Before RICH, NEWMAN, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Carol J. Lack petitions for review of the decision of the Merit Systems Protection Board, Docket No. DA-0752-94-0737-I-1, sustaining her 15-day suspension from the Internal Revenue Service. We affirm.
 
 BACKGROUND
 
 2
 Petitioner is employed as a Taxpayer Contact Service Representative with the Internal Revenue Service. On July 28, 1994, the IRS notified her by letter of its proposal to suspend her for 15 days based on rude, argumentative, and threatening remarks that she allegedly made to fellow employees during the previous month. After considering petitioner's written denial of the charges, the IRS suspended her for 15 days effective August 31, 1994.
 
 
 3
 Petitioner appealed to the Merit Systems Protection Board for review of the suspension. Following a hearing, an administrative judge issued an initial decision affirming the agency's action. That decision became final on June 15, 1995, when the Board denied Lack's petition for review. This appeal followed.
 
 DISCUSSION
 
 4
 The agency charged petitioner with three specifications of making rude, argumentative, and threatening remarks in the workplace. Before the Board, petitioner did not deny making the remarks in question, but contended that it was inappropriate for the agency to discipline her for making them. The Board found all three remarks improper and unjustified either by the circumstances or by petitioner's claim that she made the comments in jest. We conclude that the Board's ruling as to the impropriety of the three remarks, which was based on the testimony of several of petitioner's co-workers, is supported by substantial evidence.
 
 
 5
 We next consider whether petitioner's suspension promoted the efficiency of the service, as required by 5 U.S.C. Sec. 7513(a). The Board has held that inappropriate comments in the workplace may call for disciplinary action when the comments have an adverse effect upon the mutual trust necessary between co-workers whose duties require them to work together. Murray v. Department of the Army, 40 M.S.P.R. 250, 255-56 (1989); Quarry v. General Accounting Office, 3 M.S.P.R. 200, 207 (1980). Under the circumstances of this case, the Board properly found that the agency was justified in concluding that petitioner's crude and threatening remarks had that kind of effect on the working environment within her agency.
 
 
 6
 With regard to the appropriateness of the penalty, this court's review is highly deferential. Parker v. United States, 819 F.2d 1113, 1116 (Fed.Cir.1987). The suspending official in petitioner's case stated during the hearing that prior to suspending petitioner he considered petitioner's prior disciplinary record, her ability to perform her job, the effect her behavior was having on others in the workplace, the notoriety of the behavior, and mitigating circumstances. The administrative judge found that the official had adequately considered the factors set forth in Douglas v. Veteran's Administration, 5 M.S.P.R. 280 (1980), and that the agency's decision must be upheld. We agree, and we affirm the Board's decision that a 15-day suspension was not outside the permissible range of agency discretion in selecting a disciplinary sanction.
 
 
 7
 Petitioner argues that her suspension is a prohibited personnel practice under the Whistleblower Protection Act, 5 U.S.C. Secs. 1221(a), 2302(b)(8)(A)(i). According to petitioner, she was suspended in reprisal for reporting nepotism within the agency. The Board, however, concluded that the evidence failed to show a possible retaliatory motive, because her superiors were unaware of her disclosures when they proposed her suspension. We find no error in the Board's rejection of petitioner's reprisal defense.
 
 
 8
 We also reject petitioner's claim that she is entitled to a hearing before the full Board because the administrative judge's denial of her October 1994 discovery motion would have led to "new and material evidence," as defined in 5 C.F.R. Sec. 1201.115(d). According to petitioner, the new evidence would enable her to prove her allegations of "familial relationships" within the agency. That new evidence, however, would not establish any nexus between petitioner's disclosures and the agency action if, as the Board found, the agency officials were unaware of petitioner's disclosures at the time they took that action. The denial of petitioner's discovery request therefore was not reversible error.
 
 
 9
 Finally, petitioner argues that the delay of six to eight weeks in bringing the charges prejudiced her ability to defend herself, because she could not remember the details of the remarks she was charged with making. The Board found that the delay was not unreasonably long and that petitioner had failed to show that she was prejudiced by the delay, particularly in light of the fact that petitioner exhibited a detailed memory of other exchanges she had with co-workers during the same period. Petitioner has failed to overcome the Board's finding of lack of prejudice.